**This order is SIGNED.**

Dated: August 29, 2019

*/s/ J T Marker*

**JOEL T. MARKER**
**U.S. Bankruptcy Judge**



---

*Submitted by:*

FOX LAW CORPORATION
Steven R. Fox, CBN 138808
W. Sloan Youkstetter, CBN 296681
17835 Ventura Boulevard, Suite 306
Encino, California 91316
(818) 774-3545: Facsimile (818) 774-3707

Jeffrey L. Trousdale (14814)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Attorneys for Debtor-in-Possession

---

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| In re | Bankruptcy No. 18-27417 |
| Sunplay Pools and Spas Superstore, Inc., a Utah Corporation, | Chapter 11 |
| Debtor. | |

### FINDINGS AND CONCLUSIONS REGARDING DEBTOR'S
### PLAN OF REORGANIZATION

The Court conducted a hearing on August 20, 2019, at 10:00 a.m. (the

"Confirmation Hearing") to consider confirmation of the Debtor's *Chapter 11 Plan of*

{00450815.DOC / 5}

*Reorganization dated June 24, 2019,* [Docket No. 187] (the "Plan") filed by Sunplay Pools and Spas Superstore, Inc., (the "Debtor"). Steven R. Fox and Jeffrey Trousdale appeared at the hearing on behalf of the Debtor and other appearances were noted on the record.

Based upon the evidence received at the Confirmation Hearing, the *Debtor's Memorandum in Support of Plan Confirmation* [Docket No. 207], the *Declaration of John Olson in Support of Confirmation of the Plan* [Docket No. 213], the Objections filed by JP Morgan Chase Bank, N.A. [Docket Nos' 204 and 205] and by Dawyan LLC [Docket No. 202], the other papers filed concerning the Plan, the statements of counsel, and other matters of record, having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, THE COURT HEREBY FINDS AND CONCLUDES[1] as follows:

A. <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>. This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B. <u>Judicial Notice</u>. This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. Pro. 7052.
[2] Capitalized terms used but not otherwise defined herein are defined in the Plan.
{00450815.DOC / 5}

transcripts of, and all minute entries on the docket indicating the evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Bankruptcy Case.

C. <u>Transmittal and Mailing of Materials; Notice</u>.  All due, adequate, and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims and Interests in accordance with the Bankruptcy Rules.  The Disclosure Statement, Plan, and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Rules upon Creditors and Interest Holders entitled to vote on the Plan, and such transmittal and service were adequate and sufficient.  No other or further notice of the Plan or Confirmation Hearing is or shall be required.

D. <u>Solicitation</u>.  The solicitation of votes for acceptance or rejection of the Plan complied with §§ 1125 and 1126,[3] Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations.  Based on the record before the Court in the Bankruptcy Case, the Debtor has acted in "good faith" within the meaning of § 1125 and is entitled to the protections afforded by § 1125(e).

E. <u>Distribution</u>.  All procedures used to distribute the solicitation materials to the applicable holders of Claims and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and all other rules, laws, and regulations.

---

[3] Unless otherwise provided, all references to statutory sections in these Findings and Conclusions using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

{00450815.DOC / 5}

F. <u>Creditors' and Interest Holders' Acceptance of Plan</u>. The Plan establishes 12 Classes of Claims and 1 Class of Equity Interests. Every class either accepted the Plan by affirmative vote or did not timely vote. Two separate written Objections were filed by JP Morgan Chase Bank, N.A. ("Chase") with respect to its claims in Classes 2 and 3. Chase did not cast ballots in Classes 2 and 3. As announced on the record at the Confirmation Hearing, Chase withdrew its objections to the Plan, provided that the Confirmation Order includes a provision that Chase's Class 2 claim shall be paid a total amount of $444,012.21 for the duration of the Plan. Dawyan LLC, as a member of Class 11, the unsecured class, objected to confirmation of the Plan but creditors in that class voted to accept the Plan in requisite number and dollar amount. Pursuant to a stipulation with the Debtor, as announced at the hearing, Dawyan LLC withdrew its objection to the Plan. Accordingly, all Classes of Claims and Interests have accepted the Plan.

G. <u>Untimely Filed Ballots</u>. As reflected in the *Ballot Summary for Debtor, Sunplay Pools and Spas Superstore, Inc's Plan of Reorganization* [Docket No. 208] (the "**Ballot Summary**"), those creditors in Classes 1 and 5 filed late accepting ballots. Under <u>In re Ruti-Sweetwater, Inc.</u>, 836 F.2d 1263, 1267-68 (10th Cir. 1988), Classes 1 and 5 are deemed to accept the Plan, notwithstanding their late cast ballots. The Class 12 creditor, Sean Kunzler, cast a late rejecting ballot. Based upon the tardy ballot, Mr. Kunzler's failure to object to the Plan, and Mr. Kunzler's failure to appear at Confirmation Hearing, the Court finds that Mr.

Kunzler is deemed to accept the Plan pursuant to <u>In re Ruti-Sweetwater, Inc.</u>, 836 F.2d 1263, 1267-68 (10th Cir. 1988).

H. <u>Plan Complies with Bankruptcy Code</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(1).

    i.    <u>Proper Classification</u>.  The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests in each such Class.  The Plan properly classifies Claims and Equity Interests.  In addition to Administrative Expense Claims and Priority Tax Claims, which are not classified under the Plan, the Plan designates various separate Classes of Claims and Equity Interests based on differences in their legal nature or priority.  Further, valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests under the Plan.  Finally, the Classes do not unfairly discriminate between holders of Claims or Equity Interests.  Thus, the Plan satisfies §§ 1122 and 1123(a)(1).

    ii.    <u>Specify Unimpaired Classes</u>.  There are no unimpaired Classes under the Plan.  All Classes of Claims and Equity Interests are impaired. Thus § 1123(a)(2) is satisfied.

    iii.    <u>Specify Treatment of Impaired Classes</u>.  Classes 1 through 11 are designated as impaired under the Plan.  Article IV of the Plan specifies the treatment of the impaired Classes of Claims and Equity Interests, thereby satisfying § 1123(a)(3).

    iv.    <u>No Discrimination</u>.  The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to less favorable treatment with respect to such Claim or Interest, thereby satisfying § 1123(a)(4).

    v.    <u>Implementation of Plan</u>.  The Plan provides adequate and proper means for implementation of the Plan, thereby satisfying § 1123(a)(5).  Among other things, the Plan provides to distribute monies under the Plan. (Article VI)

    vi.    <u>Corporate Charter Provisions Inapplicable</u>.  Section 1123(a)(6) is satisfied because the Plan provides for the inclusion in the Debtor's charter of a provision prohibiting the issuance of nonvoting equity securities.

    vii.    <u>Selection of Post-Confirmation Manager</u>.  The identity and affiliations of the persons who will manage the Reorganized Debtor is disclosed in the Disclosure Statement and the Plan.  Further, provisions in the Plan regarding the selection of the managing persons are consistent with the interests of creditors and interest holders and with public policy.  Thus, § 1123(a)(7) is satisfied.

    viii.    <u>Payments from Future Income of the Debtor</u>.  The Debtor is not an individual, and thus § 1123(a)(8) does not apply.

    ix.    <u>Additional Plan Provisions</u>.  The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thus satisfying the requirements of § 1123(b).

{00450815.DOC / 5}

  x. <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies the Debtor as its proponent, thereby satisfying Bankruptcy Rule 3016(a).

I. <u>The Plan and the Proponent Complies with the Bankruptcy Code</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code.  Likewise, the Debtor has complied with the applicable provisions of the Bankruptcy Code.  Thus, §§ 1129(a)(1) and (a)(2) are satisfied.

  i. The Debtor is a proper proponent of the Plan under § 1121(c).

  ii. The Debtor complied with the applicable provisions of the Bankruptcy Code, including § 1125, the Bankruptcy Rules, and other orders of the Court in transmitting the Plan, the Disclosure Statement, the ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

J. <u>Plan Proposed in Good Faith</u>.  The Plan is proposed in good faith and not by any means forbidden by law, and therefore complies with the requirements of § 1129(a)(3).  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Bankruptcy Case and the formulation of the Plan.  Among other things, the Court finds:

  i. the Debtor filed the Bankruptcy Case, and proposed the Plan, for a valid reorganizational purpose;

  ii. neither the Bankruptcy Case nor the Plan were filed as a litigation tactic or for delay;

    iii. the Debtor has been, and is, actively prosecuting its Bankruptcy Case;

    iv. the Debtor proposed the Plan with the legitimate and honest purpose of, among other things, maximizing returns to creditors;

    v. the Plan contemplates payment of Allowed Secured Claims to the extent such claims are secured by assets of the Estate and the Plan will pay a significant distribution to holders of Allowed Unsecured Claims.

    vi. the Debtor has sufficient funds on hand and from the operation of its business to fully implement the Plan;

    vii. this is not a case involving a single asset or single creditor;

    viii. the Debtor has a reasonable possibility of successfully implementing the Plan and making significant distributions to holders of Allowed Claims; and

    ix. the Plan is feasible and practical, and there is a reasonable likelihood that the Plan will achieve its intended results, which are consistent with the purposes of the Bankruptcy Code.

K. <u>Payments for Services or Costs and Expenses</u>. Any payment made or to be made under the Plan for services or for costs and expenses in or in connection with this Case prior to the Effective Date, including all fees and expenses incurred by Professionals, has been approved by or is subject to the approval of the Court as reasonable, thereby satisfying § 1129(a)(4).

L.  <u>Manager of the Reorganized Debtor</u>.  The Plan and Disclosure Statement identify John Olson, the Debtor's president, as the Reorganized Debtor's management. Given the positive changes to the business that Mr. Olson oversaw during the chapter 11 case, his service as the post-Effective Date administrator of the Debtor's Estate is consistent with the interests of the holders of Claims and Interests and with public policy.  Therefore, the requirements of § 1129(a)(5) are satisfied.

M.  <u>No Rate Changes</u>.  The Plan satisfies § 1129(a)(6) because the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

N.  <u>Best Interests of Creditors Test</u>.  Classes 4 and 11 cast timely ballots accepting the Plan.  The other classes did not vote, or they cast late ballots. Either creditors have accepted the Plan or they will receive or retain under Plan property of a value, as of the Plan's Effective Date, that is not less than the amount that such holder would receive if the Debtor was liquidated under chapter 7 on the Effective Date.  Therefore, the Plan satisfies § 1129(a)(7)(i) with respect to all Classes of Claims and Interests.

O.  <u>Acceptance by All Classes</u>.  All Classes either voted to accept the Plan or did not timely cast ballots.  With respect to the treatment of Classes 1 and 4 through 11, §1129(a)(8) is satisfied.  With respect to Classes 2 and 3, Chase withdrew its previously filed objections, indicating its acceptance of the Plan.  Therefore, § 1129(a)(8) is satisfied with respect to all Classes of Claims and Interests.

P. <u>Treatment of Administrative Expense Claims and Priority Tax Claims</u>.  Except to the extent the holder of a particular claim agrees to a different treatment, the Plan specifies that Administrative Expense Claims (including professional compensation) and Priority Tax Claims will be paid as required by § 1129(a)(9). Dawyan, LLC, shall be granted an allowed Administrative Expense Claim of $7,500, which shall be paid on the Effective Date. The Plan satisfies § 1129(a)(9)'s requirements.

Q. <u>Acceptance by at Least One Impaired Class</u>.  Classes 4 and 11 affirmatively accepted the Plan. Classes 1 and 5 cast late filed ballots.  Classes 6 through 10 did not vote and are deemed to have accepted the Plan.  Therefore, there is at least one impaired accepting Class, and § 1129(a)(10) is satisfied.

R. <u>Feasibility</u>.  The Plan is feasible and complies with § 1129(a)(11) as confirmation is unlikely to be followed by liquidation or the need for further financial reorganization of the Debtor.  The Plan offers a reasonable prospect of success.

S. <u>Payment of Fees</u>.  All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to Section 2.2(b) of the Plan, thereby satisfying § 1129(a)(12).

T. <u>Continuation of Retiree Benefits</u>.  The Plan complies with § 1129(a)(13) as the Debtor has no obligation to pay retiree benefits subject to § 1114.

U. <u>No Domestic Support Obligations</u>.  The Debtor is not an individual and has no domestic support obligations.  Section 1129(a)(14) is inapplicable.

V. <u>Projected Disposable Income</u>.  The Debtor is not an individual and thus the disposable income test of § 1129(a)(15) does not apply.

W. <u>Transfers Will Comply with Non-bankruptcy Law</u>.  The Plan does not contemplate any transfers of assets other than to the Reorganized Debtor.

X. <u>Fair and Equitable; No Unfair Discrimination</u>.  Class 11, the Class of Unsecured Creditors, voted to accept the Plan, so compliance with § 1129(b) is not required. With respect to Class 4, it voted to accept the Plan thus compliance with § 1129(b) is not required.  Classes 1 and 5 cast late filed accepting ballots and Classes 6 through 10 did not cast ballots.  As to Classes 1 and 5 and 6 through 10, they are deemed to have accepted the Plan so compliance with § 1129(b) is not required.  With respect to Classes 2 and 3 which objected to the Plan, Chase has withdrawn its objections to the Plan, and thus indicated its acceptance of the Plan, so compliance with § 1129(b) is not required.

Y. <u>New Value</u>.  Class 13, consisting of the Equity Interests of John Olson, has proposed to contribute sufficient "new value" under the Plan, such that John Olson is not retaining his Equity Interests "on account" of such interests. More specifically, John Olson's "New Value" consists of (a) Olson's forgiveness of the $85,000 "Olson Loan" that was approved by the Court under its *Final Order Authorizing Debtor to Obtain Post-Petition Credit* [Docket No. 89], and (b) his contribution of $70,000 in new monies as of the Effective Date. The Court finds that the New Value contributed by John Olson is necessary for the Debtor's reorganization, and the contribution made by John Olson is substantial.

Z. <u>No Other Plan.</u>  No other chapter 11 plan is pending before the Court in this Bankruptcy Case, and so § 1129(c) does not apply.

AA. <u>Principal Purpose of Plan</u>. The Plan's principal purpose is not to avoid taxes or to avoid the application of § 5 of the Securities Act of 1933 (15 U.S.C. § 77e). Therefore, the Plan satisfies the requirements of § 1129(d).

BB. <u>Small Business Case</u>. This is a small business case. The Court extended the last day for the Debtor to confirm a plan to October 31, 2019, ("Order Extending Exclusivity Periods Under 11 U.S.C. § 1121(c) and (e) and § 1129(e)" Docket No. 169). Section 1129(e) is satisfied, as the Court will enter an Order Confirming the Plan on or before October 31, 2019.

The Court announced other findings of fact and conclusions of law on the record at the Confirmation Hearing, which findings and conclusions are incorporated herein by reference.

In summary, the Plan complies with, and the Debtor has satisfied, all applicable confirmation requirements, and the Plan will be confirmed by entry of the separate Confirmation Order.

------------------------------------- END OF DOCUMENT -------------------------------------

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **FINDINGS AND CONCLUSIONS REGARDING DEBTOR'S PLAN OF REORGANIZATION** shall be made to the parties and in the manner designated below:

**By Electronic Service**: I certify that the parties of record in this case as identified below, are registered CM/ECF users, and will be served notice of entry of the foregoing Order through the CM/ECF System:

- Joseph Alisa   jalisa@grsm.com
- Doyle S. Byers   DSByers@hollandhart.com, BKNoble@hollandhart.com
- Deborah Rae Chandler   dchandler@aklawfirm.com
- Michael F. Duggan   mduggan@moodklaw.com
- Steven R. Fox   srfox@foxlaw.com
- M. Darin Hammond   dhammond@smithknowles.com, astevenson@smithknowles.com
- Peter J. Kuhn tr   Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov
- Lesley Lueke   ecfutb@aldridgepite.com, llueke@ecf.inforuptcy.com
- Blake D. Miller   bmiller@aklawfirm.com, millermobile@gmail.com;miller.blaked@gmail.com
- Mark A. Nickel   mnickel@grsm.com, kdavison@grsm.com;cwatters@grsm.com
- Sherilyn A. Olsen   solsen@hollandhart.com, intaketeam@hollandhart.com;cfries@hollandhart.com
- Jeffrey L. Trousdale   jtrousdale@cohnekinghorn.com, mparks@cohnekinghorn.com
- United States Trustee   USTPRegion19.SK.ECF@usdoj.gov
- Tyler S. Wirick   ecfutb@aldridgepite.com, TWirick@ecf.courtdrive.com
- W. Sloan Youkstetter   e-mail not provided

**By U.S. Mail**: In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

☐   None

☐   If there are additional parties list the names and addresses of the additional parties.

☒   All parties on the Court's official case matrix.

/s/ Jeffrey Trousdale

{00450815.DOC / 5}